FILED
09/12/2025
Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 13, 2025

## STATE OF TENNESSEE v. BRIAN MICHAEL JARRETT

**Appeal from the Circuit Court for Maury County**
**No. 30470    M. Caleb Bayless, Judge**

_____

### No. M2024-01349-CCA-R3-CD

_____

The defendant, Brian Michael Jarrett, pleaded guilty to two counts of statutory rape by an authority figure, two counts of incest, and one count of soliciting sexual exploitation of a minor, and the trial court imposed an effective sentence of twenty-eight years' incarceration in the Tennessee Department of Correction. On appeal, the defendant argues the trial court erred in imposing partial consecutive sentences. After reviewing the record and considering the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and TOM GREENHOLTZ, JJ., joined.

Joshua V. Lehde, Public Defender Fellow, Tennessee District Public Defenders Conference (on appeal) and Travis Jones, District Public Defender, and Milly Worley, Assistant Public Defender (at guilty plea and sentencing hearings), for the appellant, Brian Michael Jarrett.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Brent Cooper, District Attorney General; and Jonathan W. Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

I.      Guilty Plea

On March 5, 2024, the defendant entered an open plea to two counts of statutory rape by an authority figure (counts one and three), two counts of incest (counts two and four), and one count of soliciting sexual exploitation of a minor (count five), with sentencing to be determined by the trial court.[1]  The facts underlying the plea, as explained by the State, were as follows:

> [O]n or about the 12th day of August in 2023, in Maury County, Tennessee, . . . [the defendant] did have sexual intercourse, both vaginally and oral, with his stepdaughter, [M.F.],[2]  who at the time was 15 years old. This occurred while the mother was away from the home over a weekend.

> It started out with both the oral and vaginal sex in the morning of the 12th.  During the day, [the defendant] began texting and sending pictures to the minor child and soliciting pictures of her engaged in sexual activity to send back to him.  There was some more sexual contact and intercourse that went on later in the weekend that are the subject of the remaining charges.

> This became known to law enforcement when the young lady at school the next week reported it to some individuals at the school, at which time law enforcement was called.  [The defendant] then, when he was interviewed by law enforcement, confessed to virtually all of the sexual activities throughout the weekend with his stepdaughter.

II.    Sentencing Hearing

During the sentencing hearing, the State introduced a copy of the defendant's presentence report and psychosexual evaluation.  During her victim impact statement, the victim noted that she "used to brag . . . about how amazing [the defendant was]."  However, the defendant "caused so much hurt and pain and trust issues" that the victim "almost [took her] life."  She stated that she "had cuts so deep it took days to stop bleeding."  The victim requested that the defendant receive a life sentence because his actions are "something [she will] deal with the rest of [her] life."

In sentencing the defendant, the trial court considered the evidence presented during the guilty plea and sentencing hearings, including the presentencing report and the arguments of counsel.  In reviewing the applicable enhancement factors, the trial court

---

[1] The defendant was also indicted for soliciting sexual exploitation of a minor (count six), three counts of statutory rape by an authority figure (counts seven, nine, and eleven), and three counts of incest (counts eight, ten, and twelve), but those charges were dismissed as part of the plea deal.
[2] It is the policy of this Court to refer to victims of sexual abuse by their initials.  For purposes of this opinion, "the victim" will refer to M.F. unless otherwise noted.

found enhancement factors (7), the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement and (14), the defendant abused a position of public or private trust. Tenn. Code Ann. § 40-35-114(7), (14). The trial court noted that enhancement factor (14) applied only to the defendant's convictions for incest and soliciting sexual exploitation of a minor and stated that it was "primarily giving weight to it in regards to [count] five." In mitigation, the trial court took into consideration the defendant's lack of previous convictions. After applying and weighing the applicable enhancement and mitigating factors and considering the facts and circumstances of the case, the trial court imposed sentences of eight years at 100% for count one, fourteen years at 100% for count two, eight years at 100% for three, fourteen years at 100% for count four, and ten years at 100% for count five. The trial court ordered counts three and four to be served concurrently with each other but consecutive to counts one, two, and five, for an effective sentence of twenty-eight years at 100%.

## *Analysis*

On appeal, the defendant argues the trial court abused its discretion in imposing partial consecutive sentences. Specifically, the defendant argues that the trial court failed to "place any substantive findings on the record to demonstrate ordering . . . consecutive sentences" and that, as a result, this Court should conduct a de novo review. The State contends the trial court properly imposed consecutive sentences.

When determining the appropriate sentence, the trial court must consider these factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) the evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant made on his own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the Department of Correction and contained in the presentence report. *See* Tenn. Code Ann. § 40-35-210(b); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant when determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103.

When the record establishes the sentence imposed by the trial court was within the appropriate range and reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682,

707 (Tenn. 2012). The trial court must state on the record the factors it considered and the reasons for the sentence imposed. Tenn. Code Ann. § 40-35-210(e); *Bise*, 380 S.W.3d at 706. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In *State v. Pollard*, 432 S.W.3d 851 (Tenn. 2013), the Tennessee Supreme Court expanded its holding in *Bise* to also apply to decisions by trial courts regarding consecutive sentencing. *Id.* at 859. This Court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Id.* at 861. "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." *Id.* at 862 (citing *State v. Dickson*, 413 S.W.3d 735 (Tenn. 2013)).

In imposing partial consecutive sentences, the trial court relied upon Tennessee Code Annotated section 40-35-115(b)(5), which permits the imposition of consecutive sentences when

> [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim[.]

"However, not all of the aggravating circumstances listed in section 40-35-115(b)(5) 'must be present to support the imposition of consecutive sentencing.'" *State v. Doane*, 393 S.W.3d 721, 738 (Tenn. Crim. App. 2011) (quoting *State v. Powers*, No. E2001-02363-CCA-R3-CD, 2002 WL 31387308, at *5 n.4 (Tenn. Crim. App. Oct. 23, 2002)). Consecutive sentences may be imposed under this section "even when one factor militates against them if the other aggravating circumstances have been established and carry sufficient weight." *Id.* (citation omitted).

When imposing consecutive sentencing, the trial court articulated its reasons as follows:

> Next[,] under 40-35-115 much as General Davis said, this is not a mandatory consecutive sentencing but a potential discretionary consecutive sentencing. And of course the [c]ourt understands and is going to abide by *State v. Wilkerson*, 905 S.W.2d 933 [s]upreme [c]ourt case from 1995 in which if the [c]ourt were to order consecutive sentencing, the [c]ourt would

- 4 -

have to look at how the severity of these offenses are reasonably related to that, and an extended sentence is necessary to protect society against further criminal conduct by the [d]efendant.

Here the [c]ourt does determine that consecutive sentencing is reasonably related to the severity of the offenses committed, and an extended sentence is necessary to protect society against further criminal conduct by the [d]efendant. And the [c]ourt in relation to that is using the psychosexual examination and the determination of a moderate risk to reoffend in relation to these sentences. And the [c]ourt does have some question as to how number one and number three on pages 22 and 23 of that report come into play here because I'm uncertain as to whether or not that would have impacted that moderate finding, although the [c]ourt does not have any additional proof before it today in relation to that. And in considering consecutive sentencing, the one consecutive factor that the [c]ourt does find that applies is the [d]efendant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between [the defendant] and the victim, the time span of the [d]efendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

While the trial court quoted the statutory language of Tennessee Code Annotated section 40-35-115(b)(5), it failed to make any specific findings as to why the aggravating circumstances supported consecutive sentences. When the trial court fails to provide adequate reasons on the record for imposing consecutive sentences, this Court "should neither presume that the consecutive sentences are reasonable nor defer to the trial court's exercise of its discretionary authority." *Pollard*, 432 S.W.3d at 863-64. Instead, this Court has two options: "(1) conduct a de novo review to determine whether there is an adequate basis for imposing consecutive sentences; or (2) remand for the trial court to consider the requisite factors in determining whether to impose consecutive sentences." *Id.* at 864 (citing *Bise*, 380 S.W.3d at 705 & n.41). Therefore, we will review the imposition of consecutive sentences de novo.

Here, the defendant was convicted of two counts of statutory rape by an authority figure, two counts of incest, and one count of soliciting sexual exploitation of a minor. The record established that the defendant was the victim's stepfather, and while the victim's mother was away for the weekend, the defendant violated this relationship of trust by requesting and sending explicit text messages and pictures as well as by engaging in oral and vaginal intercourse with the victim. The victim immediately reported the abuse to individuals at school. As a result of the defendant's actions, the victim attempted suicide

and developed issues with trusting men.  Based upon these aggravated circumstances, we determine upon our de novo review that the aggravated circumstances of the defendant's crimes support the imposition of consecutive sentences.  Therefore, the trial court did not err in imposing consecutive sentences, and the defendant is not entitled to relief.

### *Conclusion*

For the aforementioned reasons, the judgments of the trial court are affirmed.


s/ J. ROSS DYER

J. ROSS DYER, JUDGE